**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
---------------------------------------------------------
STONEGATE INSURANCE COMPANY,          )
                                      )
                        Plaintiff,    )
                                      )
        v.                            )    Civil Cause No:
                                      )
FLETCHER REINSURANCE COMPANY, f/k/a   )
MAIDEN REINSURANCE NORTH AMERICA,     )
INC., a Missouri corporation, ENSTAR (US) )
INC., a Delaware corporation, and CRANMORE )
(US) INC., a Delaware corporation,    )
                                      )
                        Defendants.   )
---------------------------------------------------------
```

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Fletcher Reinsurance Company, f/k/a Maiden Reinsurance North America, Inc. ("Fletcher"), Enstar (US) Inc. ("Enstar") and Cranmore (US) Inc. ("Cranmore") (collectively, the "Defendants") hereby file this Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, Law Division (Case No. 2021-L-005384). This Notice of Removal is supported by (i) the facts set forth below and (ii) the attached exhibits. An index of the matters being filed is attached as Exhibit 1.

### I.    INTRODUCTION

Plaintiff Stonegate Insurance Company ("Plaintiff") filed a complaint against Defendants on May 25, 2021 in the Circuit Court of Cook County, Illinois, Law Division, in an action bearing Case No. 2021-L-005384. See Plaintiff's Complaint, Exhibit 2(B).

The preponderance of the evidence establishes that this Court has diversity jurisdiction over this lawsuit because:

1. Plaintiff Stonegate Insurance Company is an Illinois citizen;

2. Defendant Fletcher is a Missouri and Rhode Island citizen;

3. Defendant Enstar is a Delaware and Florida citizen; and

4. Defendant Cranmore is a Delaware and Florida citizen.

Further, this case was timely removed, the amount in controversy requirement is satisfied, and all Defendants consent to the removal.

## II.     BACKGROUND

**A.     This Case Was Timely Removed.**

Plaintiff effectuated service of process on Enstar and Cranmore on June 2, 2021 and on Fletcher on June 28, 2021.  See Exhibit 2(I, J, H).  This Notice of Removal has been filed within thirty (30) days after service of process occurred on Enstar, Cranmore, and Fletcher and is filed within one year of the filing of the Complaint.  Thus, removal is timely under 28 U.S.C. § 1446(b).

**B.     Brief Overview of the Complaint**

In its Complaint, Plaintiff has asserted causes of action for (1) breach of contract (as to Fletcher); (2) tortious interference with contract (as to Enstar and Cranmore); and (3) bad faith refusal to pay claims under 215 ILCS 5/155 (as to all Defendants) in connection with certain reinsurance treaties entered into by Stonegate and Fletcher whereby Fletcher reinsured Stonegate's automobile and commercial insurance lines from 2012 through 2017.  See Exhibit 2(B) at Ex. A (Art. 1).  Plaintiff claims that Fletcher has breached its obligations to make timely payments under the reinsurance treaties.  Id. at ¶ 1.  Plaintiff has also asserted tort claims against Enstar and Cranmore relating to their alleged administration of Fletcher's reinsurance treaties, and a statutory claim against Fletcher, Enstar, and Cranmore related to Plaintiff's reinsurance claim.  Id. at ¶¶ 1, 5, 7,

### III.    GROUNDS FOR REMOVAL

Removal is proper in this case pursuant to 28 U.S.C. §§ 1332 and 1441.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of United States . . . ."  28 U.S.C. § 1332(a).  Removal is proper in this action because the amount in controversy exceeds $75,000 and because competent proof establishes by a preponderance of the evidence that complete diversity exists between the parties.

#### A.    Citizenship of the Parties

Each of the parties to this action are corporations.  "[F]or diversity purposes every corporation has dual citizenship, with a court required to consider the corporation's principal place of business as well as its state of incorporation."  *Alexander Warehouse & Sales Co. v. Plywood Minnesota of Illinois, Inc.*, No. 87 C 5780, 1987 U.S. Dist. LEXIS 5895, at *1 (N.D. Ill. June 30, 1987); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business").  Moreover, citizenship of the parties for diversity is determined at the time of filing. *Grupo Dataflux v. Atlas Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

Plaintiff was at the time this action was commenced and continues to be an Illinois insurance company with its principal place of business in Niles, Illinois.  See Exhibit 2(B) at ¶ 2. As such Plaintiff is an Illinois citizen for determining whether diversity exists.

3

Defendant Fletcher was at the time this action was commenced and continues to be a Missouri corporation with its principal place of business in Rhode Island.  See id. at ¶ 3.  As such, Fletcher is a Missouri and Rhode Island citizen for determining whether diversity exists.

Defendant Enstar was at the time this action was commenced and continues to be a Delaware corporation with its principal place of business is in Florida.  See id. at ¶ 4.  As such, Enstar is a Delaware and Florida citizen for determining whether diversity exists.

Defendant Cranmore was at the time this action was commenced and continues to be a Delaware corporation with its principal place of business in Florida.  See id. at ¶ 5.  As such, Cranmore is a Delaware and Florida citizen for determining whether diversity exists.

**B.**     **Amount in Controversy**

For the breach of contract cause of action, Plaintiff seeks compensatory damages in an amount in excess of $1.9 million, together with prejudgment interest.  See id. at ¶ 49(B).  In addition, for the tortious interference with contract cause of action, Plaintiff seeks compensatory damages in an amount in excess of $1.9 million, as well as punitive damages of at least $1 million.  See id. at ¶ 57(B).  For the "bad faith" refusal to pay claims cause of action, Plaintiff seeks costs, expenses, and reasonable attorneys' fees and penalties for bringing and prosecuting this action pursuant to 215 ILCS 5/155.  Accordingly, the monetary prerequisite to federal jurisdiction under 28 U.S.C. § 1332(a) is satisfied.

**C.**     **Venue**

Venue is proper in this District and Division because they are "the district and division embracing the place where such action is pending[.]"  28 U.S.C. § 1441(a).

## IV.    DEFENDANTS' DISCLOSURES STATEMENTS

Defendants have contemporaneously filed their Corporate Disclosure Statement with this Notice of Removal.

## V.    STATE COURT RECORD, NOTICE TO STATE COURT AND PLAINTIFF AND RESERVATION OF RIGHTS

In accordance with 28 U.S.C. § 1446(a), attached are true and correct copies of:

(1) Index of Matters Being Filed (Ex. 1); and

(2) Copies of the State Court Record, consisting of the docket sheet, complaint, appearances, summonses, and any other documents filed in the action pending in Cook County Circuit Court, Law Division (No. 2021-L-005384) (Ex. 2).

After the filing of this Notice of Removal, Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, Law Division, where the action is pending, and will serve such notice on Plaintiff as the only other party.  28 U.S.C. §§ 1446(a), (d).  A copy of the Notice that will be filed with the Clerk of the Circuit Court of Cook County, Illinois and served upon Plaintiff is attached hereto as Exhibit 3.

By filing this Notice of Removal, Defendants are not making a general appearance and are not waiving their right to raise any defense and/or ground for dismissal.

## VI.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully remove this action from the Cook County Circuit Court, Law Division, bearing Case No. 2021-L-005384 to the United States District for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED AND FILED July 1, 2021.

Respectfully submitted,

HINKHOUSE WILLIAMS WALSH LLP

By: */s/ William C. Joern*

William C. Joern
180 North Stetson Avenue, Suite 3400
Chicago, Illinois 60601
Telephone:    (312) 784-5400
Fax:              (312) 784-5499

**ATTORNEYS FOR DEFENDANTS FLETCHER REINSURANCE COMPANY, ENSTAR (US) INC., AND CRANMORE (US) INC.**

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY, AND POPEO, P.C.

By: */s/*

Marc L. Abrams, (*pro hac vice application to be filed*)
Suman Chakraborty (*pro hac vice application to be filed*)
Chrysler Center
666 Third Avenue
New York, New York 10017
Telephone:    (212) 935-3000
Fax:              (212) 983-3115

**ATTORNEYS FOR DEFENDANTS FLETCHER REINSURANCE COMPANY, ENSTAR (US) INC., AND CRANMORE (US) INC.**

6

### <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 1st day of July, 2021, a true and accurate copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, and copies of the same have been provided by first class mail, postage prepaid to following counsel of record:

   Howard L. Teplinsky
   Katherine A. Grosh
   LEVIN GINSBURG
   180 North LaSalle Street, Suite 3200
   Chicago, Illinois 60601

   Sean P. Baldwin
   David A. Coon
   SELENDY & GAY PLLC
   1290 Avenue of the Americas
   New York, NY 10104
   *Attorneys for Plaintiff*

           */s/ William C. Joern*
           William C. Joern